IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE BRANCHE, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 1:11-CV-468 |
| : | |
| WELLS FARGO MORTGAGE : | |
| COMPANY, *et al.*, : | |
|     Defendants : | |

*M E M O R A N D U M*

*I.*    *Introduction*

Presently before the court is a motion to dismiss (Doc. 69) filed by Defendant Wells Fargo Mortgage Company ("Wells Fargo"). Wells Fargo seeks to dismiss Plaintiff's Second Amended Complaint. Also pending before the court is Wells Fargo's motion (Doc. 74) to strike Plaintiff's brief in opposition to Wells Fargo's motion to dismiss. Wells Fargo argues that Plaintiff's opposition brief should be stricken because it was not timely filed. Both motions are ripe for review.

In its motion to dismiss, Wells Fargo raises the following arguments. First, Wells Fargo contends that, under Rule 9(b) of the Federal Rules of Civil Procedure, a claim alleging a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law must be pleaded with particularity; and Wells Fargo seeks dismissal of Count III of Plaintiff's Second Amended Complaint on the basis that it falls short of this standard. Second, Wells Fargo asks the court to dismiss Count IV of the Second Amended Complaint because the order dated March 6, 2012 already dismissed this count with prejudice. Third and finally, Wells Fargo contends that the Second Amended Complaint should be dismissed in its entirety under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

We will address the arguments for dismissal of each count of the Second Amended Complaint in turn. We will then turn to Wells Fargo's motion to strike.

II.     Legal Standard

   A.     *Motion to Dismiss Under Rule 9(b)*

Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." FED R. CIV. P. 9(b). This rule "requires plaintiffs to plead the who, what, when, where and how: the first paragraph of any newspaper story." Institutional Investors Group v. Avaya, Inc., 564 F.3d 242, 253 (3d Cir. 2009) (quoting In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999)). The rule's purpose is to require plaintiffs to provide sufficient information so that defendants can respond to the claims against them. Illinois Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc., 653 F.3d 225, 233 (3d Cir. 2011).

   B.     *Motion to Dismiss Under Rule 12(b)(6)*

When reviewing a motion to dismiss for failure to state a claim, under Rule 12(b)(6), we must accept all of Plaintiff's factual allegations as true, construe them in the light most favorable to her, and determine if, "under any reasonable reading of the pleading, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). Our analysis consists of two parts: first, separating the "legal elements of a claim" from the factual allegations, and second, determining whether the factual allegations "show" a plausible entitlement to relief. Id. at 210-11.

*III.     Discussion*

    *A.     Count I*

In Count I, Plaintiff complains of a breach of contract. Wells Fargo argues that this count fails to state a claim upon which relief can be granted, for the following reasons. First, Plaintiff fails to allege that she is a party to the mortgage contract. Second, although Plaintiff suggests that Wells Fargo is contractually obligated to permit Plaintiff to safely occupy the mortgaged premises, and to take reasonable steps to ensure timely payments to the contractors for their repair work on the mortgaged premises, Wells Fargo contends that Plaintiff fails to identify any terms of the mortgage contract under which such duties arise. Wells Fargo also argues that, absent an allegation that the premises were unsafe, Plaintiff fails to establish a breach of the alleged obligation to permit a resident to safely occupy them. Finally, Wells Fargo disputes the existence of a second contract, arising from an exchange of promises evidenced by letters from Wells Fargo to the Attorney General and to Congressman Tim Holden. We will address these arguments in turn.

First, we reject Wells Fargo's argument that Plaintiff fails to allege that she is a party to the contract. Plaintiff's Second Amended Complaint includes allegations that Plaintiff took title to the mortgaged premises (Doc. 68 ¶ 10), that Plaintiff made mortgage payments on the property (id. ¶ 11), and that, when the mortgage became delinquent, Plaintiff and Wells Fargo negotiated a workout agreement (id. ¶¶ 17-18). Accepting these allegations as true, and construing them in the light most favorable to Plaintiff, they clearly indicate that Plaintiff was a party to the contract.

Second, as noted above, Wells Fargo argues that we should dismiss Count I because Plaintiff's allegations are insufficient to establish the existence or the breach of Wells Fargo's alleged duty to permit a resident to safely occupy a

3

mortgaged residence, or the existence of a duty to ensure that payments to the contractors were made in a timely manner. In addition, Wells Fargo disputes the existence of a second contract between the parties. These arguments are unavailing.

Plaintiff's breach of contract claim is not premised solely on breach of the duties described above. Plaintiff also argues that Wells Fargo has breached a duty of good faith, an implied duty in the performance of all contracts under Pennsylvania law. Similarly, the viability of Plaintiff's breach of contract claim does not depend on the existence of a second contract, because Plaintiff's allegations establish the existence of a mortgage contract. Therefore, despite arguing that these individual allegations are insufficient to state a claim upon which relief can be granted, Wells Fargo has failed to persuade the court that Plaintiff's entire breach of contract claim fails. After consideration of all the allegations supporting the breach of contract claim, we conclude that the claim is sufficient to survive Wells Fargo's motion to dismiss. Accordingly, Count I will not be dismissed.

### B. *Count II*

According to Wells Fargo, Count II, wherein Plaintiff alleges breach of fiduciary duty, is barred by the "gist of the action" doctrine, which prevents plaintiffs from re-characterizing contract claims as tort claims. Wells Fargo also argues that Count II fails because Plaintiff's allegations do not establish a fiduciary relationship between the parties.

We need not address the latter of these two arguments, because we conclude that the claims of Count II are not distinct from the breach of contract claims set forth in Count I. It is therefore appropriate to dismiss them under the "gist of the action" doctrine.

We are not persuaded by Plaintiff's argument that "there may be enough to distinguish the contract claim from the tort claim." (Doc. 73 at 9).  The only distinction that Plaintiff identifies is an allegation that Defendant engaged in bad faith, but as noted above, Plaintiff's breach of contract claim does allege a breach of the duty of good faith.  Hence, we are not convinced that Count II raises claims that are distinct from the claims set forth in Count I.  We will dismiss Count II.

### C. Count III

As noted above, Wells Fargo seeks dismissal of Count III on the basis of Plaintiff's failure to plead the claim with particularity.  Count III alleges that Wells Fargo violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") by engaging in deceptive conduct.  Wells Fargo contends that Plaintiff's allegations do not describe the deceptive conduct with sufficient particularity.

We reject this argument.  We note that Count III sets forth at least six allegedly improper actions or omissions, and that the exhibits attached to Plaintiff's Second Amended Complaint provide additional details concerning exactly who was involved, what occurred, and when and how the events unfolded.  These materials are sufficient to put Wells Fargo on notice of the claim against it, and to enable Wells Fargo to mount a defense intelligently.  Therefore, we will deny Wells Fargo's motion as to Count III.

### D. Count IV

In Count IV, Plaintiff complains that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA").  Wells Fargo seeks dismissal of this count for two reasons.  First, Wells Fargo argues that this claim was dismissed with prejudice by the order of court dated March 6, 2012 (Doc. 167).  In response, Plaintiff contends that

said order contained erroneous numbering, and that the court's intent was actually to let the FDCPA claim proceed. Wells Fargo's second argument in favor of dismissal of Count IV is that it is not a "debt collector" as defined under the FDCPA.

Plaintiff is correct that, in the March 6 order, the court followed Plaintiff's numbering of the counts for which Plaintiff conceded that dismissal was appropriate. The court's intention was to dismiss the claims conceded by Plaintiff and grant leave to amend the claims that Plaintiff wished to amend. Regardless of these circumstances, however, we conclude that dismissal of the FDCPA claim is appropriate at this juncture.

As noted above, Wells Fargo contends that it is not a "debt collector" under the FDCPA. Wells Fargo correctly notes that the FDCPA's definition of "debt collector" is primarily applicable to persons or entities who seek to recover a debt owed to *another* person or entity. Creditors who attempt to collect *their own* debts are generally excluded from this definition. Plaintiff's sole basis for refuting this argument is that Wells Fargo has been held to be a debt collector in Oppong v. First Union Mortg. Corp., 407 F. Supp. 2d 658, 667 (E.D. Pa. 2005). However, Oppong is easily distinguishable from the instant case. In Oppong, Wells Fargo acquired a debt that was already in default. See Oppong v. First Union Mortg. Corp., 215 F. App'x 114, 118 (3d Cir. 2007). In the instant case, the Second Amended Complaint alleges that other companies held the mortgage note before Wells Fargo did, but there is no allegation suggesting that the mortgage was in default when Wells Fargo acquired it. Accordingly, it appears that Wells Fargo is not a "debt collector" under the FDCPA, and Plaintiff has failed to state an FDCPA claim upon which relief can be granted. We will therefore grant the motion to dismiss Count IV.

6

### E. *Motion to Strike*

Turning to Wells Fargo's motion to strike, we note that untimeliness is the sole basis of the motion; Wells Fargo does not allege prejudice. Although we acknowledge that Plaintiff's brief was indeed untimely, we are not convinced that striking the brief is an appropriate consequence for the untimely filing, under the circumstances presented in this case. Thus, we will deny the motion to strike.

### IV. *Conclusion*

For the reasons set forth above, we will grant Wells Fargo's motion to dismiss as to Counts II and IV, and deny it as to Counts I and III. We will deny Wells Fargo's motion to strike.

We will issue an appropriate order.

                                         /s/ William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge

Date: August 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANNETTE BRANCHE,  :
       Plaintiff  :
         :
      v.  :  CIVIL NO. 1:11-CV-468
         :
WELLS FARGO MORTGAGE  :
COMPANY, *et al.*,  :
       Defendants  :

*O R D E R*

AND NOW, this 16th day of August, 2012, upon consideration of Wells Fargo's motion (Doc. 69) to dismiss Plaintiff's Second Amended Complaint, and upon further consideration of Wells Fargo's motion (Doc. 74) to strike Plaintiff's brief in opposition thereto, and for the reasons stated in the foregoing memorandum, it is ORDERED as follows:

1. Wells Fargo's motion (Doc. 69) to dismiss Plaintiff's Second Amended Complaint is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED as to Counts II and IV.

    b. The motion is DENIED as to Counts I and III.

2. Wells Fargo's motion (Doc. 74) to strike Plaintiff's opposition brief is DENIED.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge